**Alexander R. Scolavino III** (Mont. Bar No. 68806621)
Agency Legal Counsel
**Jeffry M. Hindoien** (Mont. Bar No. 4101)
Chief Legal Counsel
Montana Fish, Wildlife and Parks
P.O. Box 200701
Helena, Montana 59620-0701
(406) 594-8050; (406) 594-0539
Alexander.Scolavino@mt.gov; jeff.hindoien@mt.gov
*Attorneys for State of Montana and*
*Montana Fish, Wildlife and Parks*
*Proposed Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | Lead Case CV 24-86-M-DWM |
| Plaintiffs, | Member Case CV-24-87-M-DWM CV-24-97-M-DWM |
| and | |
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | **DEFENDANT-INTERVENORS ANSWER TO PLAINTIFFS' COMPLAINT** |
| Consolidated Plaintiffs, | |
| vs. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | |
| Defendants, | |
| SPORTSMEN'S ALLIANCE FOUNDATION, et al., | |
| Intervenor-Defendants, | |

STATE OF MONTANA and
MONTANA DEPARTMENT OF FISH,
WILDLIFE AND PARKS,

     Defendant Intervenors Applicants.

Defendant Intervenors, State of Montana and Montana Fish, Wildlife and Parks (together, "Montana") answer Plaintiffs' complaint and assert its affirmative defenses as follows for the Member Case of this matter, CV 24-86-M-DWM.

## **INTRODUCTION**

1.    Paragraph 1 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

2.    Montana admits that wolves in Idaho, Montana, and Wyoming, as well as parts of Washington, Oregon, and Utah, are not currently protected, but denies that they face substantial and intensifying threats. The allegations in the second sentence of paragraph 2 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana denies the allegations in the third sentence of Paragraph 2. Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 2 and, therefore, denies them.

3.    Montana denies the allegations in Paragraph 3.

4.     Montana denies the allegations in Paragraph 4.

5.     Montana denies the allegations in the first and third sentences of Paragraph 5. Montana admits the allegations in the second sentence of Paragraph 5.

6.     The first sentence of Paragraph 6 purport to describe and characterize the petition submitted by Plaintiffs, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the petition's plain language, meaning or context. Montana denies the allegations in the second sentence of Paragraph 6.

7.     Paragraph 7 purports to describe and characterize 89 Fed. Red. 8391, 8391-95 (Feb. 7, 2024), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning or context.

8.     Montana denies the allegations in Paragraph 8.

9.     Paragraph 9 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

## JURISDICTION

10.     Paragraph 10 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

11.     Paragraph 11 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

12.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     Paragraph 13 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

14.     Montana denies the allegations in Paragraph 14.

## VENUE

15.     The first sentence of Paragraph 15 is a conclusion of law that requires no response. If a response is required, those allegations are denied. The second sentence of Paragraph 15 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied. Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the third sentence of Paragraph 15 and, therefore, denies them.

16.     Montana denies the allegations in Paragraph 16.

## PARTIES

17.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 17 concerning the interests, membership, and activities of Plaintiff

Center for Biological Diversity ("Center"), and denies them on that basis. The fifth sentence of Paragraph 17 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

18.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth and sixth sentences of Paragraph 18 concerning the interests, membership, and activities of Plaintiff the Humane Society of the United States ("HSUS"), and denies them on that basis.  Montana admits the seventh sentence of Paragraph 18.

19.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second, third, fourth and fifth sentences of Paragraph 19 concerning the interests, membership, and activities of Plaintiff Human Society Fund ("HSLF"), and denies them on that basis. Montana admits the sixth sentence of Paragraph 19.

20.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second, third, fourth and fifth sentences of Paragraph 20 concerning the interests, membership, and activities of Plaintiff Sierra Club, and denies them on that basis. Montana admits the sixth sentence of Paragraph 20.

21.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 21 concerning the interests, membership, and activities of the Plaintiffs', and denies them on that basis.

22.     Montanan lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 22 concerning the interests, and activities of Center staff member and California resident, Joshua Able, and denies them on that basis.

23.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 23 concerning the interests, and activities of Center staff member and Colorado resident, Brett Henderson, and denies them on that basis.

24.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 24 concerning the interests, and activities of Center staff member and Oregon resident, Noah Greenwald, and denies them on that basis.

25.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 concerning the interests, and activities of HSUS member, HSUS staff member, and Colorado resident, Wendy Keefover, and denies them on that basis.

26.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 concerning the interests, and activities of HSUS member, HSUS staff member, and Oregon resident, Story Warren, and denies them on that basis.

27.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 27 concerning the interests, and activities of HSUS member, HSUS staff member, and Montana resident, David Pauli, and denies them on that basis.

28.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 28 concerning the interests, and activities of Sierra Club member, active volunteer and Greater Yellowstone Ecosystem resident, Phil Knight, and denies them on that basis.

29.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 29 concerning the interests, and activities of Plaintiff and their respective members, and denies them on that basis.

30.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 30, and denies them on that basis.

31.     Montana denies the allegations in Paragraph 31.

32.     Montana denies the allegations in Paragraph 32.

33.     Montana denies the allegations in Paragraph 33.

34.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 34, and denies them on that basis.

35.     Montana denies the allegations in Paragraph 35.

**Defendants**

36.     Montana admits the second sentence of Paragraph 36. The allegations in the first sentence of Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, Montana denies the allegations.

37.     The allegations in Paragraph 37 consist of Plaintiffs' description of the nature of their suit and legal conclusion that require no response. If a response is required, those allegations are denied.

38.     Montana admits second sentence of Paragraph 38. The allegations in the second sentence of Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Montana denies the allegations.

## LEGAL BACKGROUND

**Endangered Species Act – Purpose, Listings, and Protections**

39.     The first sentence of Paragraph 39 purports to describe and characterize *Tenn. Valley Auth. V. Hill,* 437 U.S. 153, 180 (1978), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the case law's plain language meaning or context. The second sentence of Paragraph 39 purport to describe and characterize 16 U.S.C. § 1531(b),

which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language meaning or context.

40.     Paragraph 40 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

41.     Paragraph 41 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

42.     Paragraph 42 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

43.     Paragraph 43 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

44.     The first sentence of Paragraph 44 purports to describe and characterize the SPR policy, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context. The second sentence of Paragraph 44 purport to describe and characterize *Defs. Of Wildlife v. U.S. Fish & Wildlife Serv.,* 584 F. Supp. 3d 812, 828 (N.D. Cal. 2022), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

45.     Paragraph 45 purports to describe and characterize *Desert Survivors v. U.S. Dep't of the Interior,* 321 F. Supp. 3d 1011, 1072-74 (N.D. Cal. 2018) and

*Defs. Of Wildlife v. Sec'y, U.S. Dep't of the Interior,* 354 F. Supp. 2d 1156, 1168 (D. Or. 2005), which speak for themselves and is the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

46.     Paragraph 46 purports to describe and characterize the SPR policy and *Humane Soc'y of the United States v. Zinke,* 865 F.3d 585, 605 (D.C. Cir. 2017), which speak for themselves and is the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

47.     Paragraph 47 purports to describe and characterize 50 C.F.R. § 424.11(d), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

48.     Paragraph 48 purports to describe and characterize 16 U.S.C. § 1533(a)(1), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

49.     Paragraph 49 purports to describe and characterize 50 C.F.R. § 424.11(c) and 16 U.S.C. § 1533(a)(1), which speaks for themselves and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

50.     The first sentence of Paragraph 50 purports to describe and characterize 16 U.S.C. § 1533(b)(1)(A), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The second sentence of Paragraph 50 purports to describe and characterize 50 C.F.R. § 424.13, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

51.     Paragraph 51 purports to describe and characterize H.R. Rep. No. 412, 93d Cong., 1st Sess. 5 (1973), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

52.     Montana denies the allegations in the first sentence of Paragraph 52. The allegations in the second and third sentences of Paragraph 52 are conclusions of law that require no response. If a response is required, those allegations are denied.

53.     Paragraph 53 purports to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

54. Paragraph 54 purports to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

55. Paragraph 55 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

***Endangered Species Act – Listing Petitions***

56. Paragraph 56 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

57. Montana admits the allegations in Paragraph 57.

58. The first sentence of Paragraph 58 purports to describe and characterize 16 U.S.C. § 1533(b)(1)(A) and 50 C.F.R. § 424.14(h)(2), which speaks for themselves and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The second sentence of Paragraph 58 purports to describe and characterize 50 C.F.R. § 424.14, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

59. Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60. Paragraph 60 purports to describe and characterize 16 U.S.C § 1533(h)(2)(i)-(iii), which speaks for itself and is the best evidence of its contents.

Montana denies any allegations inconsistent with the plain language, meaning, or context.

61.     Paragraph 61 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

62.     Paragraph 62 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

63.     Paragraph 63 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

64.     The first sentence of Paragraph 64 purports to describe and characterize *San Luis & Delta-Mendota Water Auth. V. Locke,* 776 F.3d 971, 995 (9th Cir. 2014), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context. The second sentence of Paragraph 50 purport to describe and characterize *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 and *Greater Yellowstone Coal., Inc. v. Servheen,* 665 F.3d 1015, 1030 (9th Cir. 2011), which speaks for themselves and is the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

## FACTUAL BACKGROUND

### *Gray Wolf Ecology and History of Persecution*

65.     Montana admits the allegations in Paragraph 65.

66.     Montana admits the first sentence of Paragraph 66. Montana denies the second and third sentences of Paragraph 66.

67.     The allegations in the first sentence of Paragraph 67 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana admits the second and third sentences of Paragraph 67.

68.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 68, and, therefore, denies them. Montana denies the allegations in the second sentence of Paragraph 68.

69.     Montana admits the allegations in the first and second sentences of Paragraph 69. The allegations in the third sentence of Paragraph 69 are too subjective, vague, exaggerated, unqualified and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

*Legal Status of Gray Wolves in the Western United States*

70.     The allegations in Paragraph 70 purport to describe and characterize a 2009 rule published at 74 Fed. Reg. 15123 (Apr. 2, 2009), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

71.     The first sentence of Paragraph 71 purports to describe and characterize *Defs. Of Wildlife v. Salazar,* 729 F. Supp. 2d 1207, 1228 (D. Mont. 2010), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The second sentence of Paragraph 71 purports to describe and characterize the Department of Defense and Full-Year Continuing Appropriations Act, Pub. L. No. 112-10 § 1713 (2011), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The third sentence of Paragraph 71 purports to describe and characterize *Defs. Of Wildlife v. Zinke,* 849 F. 3d 1077, 1077, 1081 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

72.     Montana admits the allegations in Paragraph 72.

73.     Montana admits the allegations in Paragraph 73.

74.     Paragraph 74 purports to describe and characterize *Defs. Of Wildlife v. U.S. Fish & Wildlife Serv.,* 584 F. Supp. 3d 812 (N.D. Cal. 2022), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

***Threats to Gray Wolves in the Western United States***

75.     The first sentence of Paragraph 75 purports to describe and characterize 74 Fed. Reg. at 15166, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana admits the allegations in the second and third sentences of Paragraph 75. Montana denies the allegations in the fourth sentence of Paragraph 75.

76.     Montana admits the allegations in the first and second sentences of Paragraph 76. Montana denies the allegations in the third and fourth sentences of Paragraph 76.

77.     The allegations of Paragraph 77 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

78.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 78, and, therefore, denies them.

79.     Montana partially admits the first sentence of Paragraph 79, but denies the lengthening of the wolf trapping season. Montana denies the second sentence of Paragraph 79.

80.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 80, and, therefore, denies them.

81.     Montana partially admits the first sentence of Paragraph 81, but denies any allegation that Montana pays bounties for killing wolves. Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 81.

82.     Montana admits the first sentence of Paragraph 82. Montana denies the remaining allegations in Paragraph 82.

83.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 83, and, therefore, denies them.

84.     Montana denies the allegations in Paragraph 84.

85.     Montana admits the allegations in the first sentence of Paragraph 85. Montana denies the allegations in the second and third sentence of Paragraph 85. The fourth sentence of Paragraph 85 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

*Listing Petition, Initial Response, and "Not Warranted" Finding*

86.     Paragraph 86 purport to describe and characterize the Petition submitted by the Service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

87.    Paragraph 87 purports to describe and characterize 86 Fed. Reg. 51857, 51859 (Sept. 17, 2021), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

88.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 88, and, therefore, denies them.

89.    The first sentence of Paragraph 89 purports to describe and characterize the 12-month finding submitted by the service, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. The second sentence of Paragraph 89 purports to describe and characterize the Species Assessment and Listing Priority Assignment Form ("Form") and the Species Status assessment for the Gray Wolf in the Western United States ("SSA"), which is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

90.    Paragraph 90 purports to describe and characterize 89 Fed. Reg. at 8394, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

91.     Paragraph 91 purports to describe and characterize 89 Fed. Reg. at 8394-95, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

92.     Montana admits the allegations in Paragraph 92.

***Scientific Evidence Demonstrates the Imperiled Status of Gray Wolves in the Western U.S.***

93.     Montana denies the allegations in Paragraph 93.

94.     Montana admits the first sentence of Paragraph 94. The second and fifth sentences of Paragraph 94 purport to describe and characterize Crabtree et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies allegations inconsistent with the plain language, meaning, or context. Montana denies the third and fourth sentences of Paragraph 94.

95.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 95, and, therefore, denies them.

96.     Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 96, and, therefore, denies them.

97.     Montana admits the first and second sentence of Paragraph 97. The third and fourth sentence of Paragraph 97 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. The fifth sentence of Paragraph 97 purport to describe and characterize Frankham et al. (2014), which speaks for itself and is the

best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

98.    Montana denies the allegations in the first sentence of Paragraph 98. Montana admits the second and third sentences of Paragraph 98.

99.    Paragraph 99 purports to describe and characterize vonHoldt et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the study's plain language, meaning, or context.

100.   Paragraph 100 purports to describe and characterize vonHoldt et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the study's plain language, meaning, or context.

101.   Paragraph 101 purports to describe and characterize vonHoldt et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the study's plain language, meaning, or context.

102.   Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 102, and, therefore, denies them.

103.   Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 103, and, therefore, denies them.

104.   The first sentence of Paragraph 104 purports to describe and characterize 74 Fed Reg. at 15132, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana denies the second sentence of Paragraph 104.

105.   The allegations in the first sentence of Paragraph 105 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the second sentence of Paragraph 105, and, therefore, denies them.

***The Service's Faulty Justification for its "Not Warranted" Finding***

106.   Montana admits the allegations in Paragraph 106.

107.   Paragraph 107 purports to describe and characterize 89 Fed. Reg. at 8395, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

108.   Paragraph 108 purports to describe and characterize the 2024 finding, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

109.   Paragraph 109 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

110.   Paragraph 110 and its footnote purports to describe and characterize the SSA and the Form, which speaks for themselves and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

111.   Paragraph 111 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

112.   Montana denies the allegations in Paragraph 112.

113.   Paragraph 113 purport to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

114.   Paragraph 114 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

115.   Montana denies the allegations in Paragraph 115.

116.   Montana denies the allegations in Paragraph 116.

117.   Paragraph 117 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

118.   The first and second sentences of Paragraph 118 purport to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana denies the third sentence of Paragraph 118.

119.   Montana denies the first and fourth sentences of Paragraph 119. The allegations in the second sentence of Paragraph 119 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations. Montana admits the third sentence of Paragraph 67.

120.   Paragraph 120 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

121.   Paragraph 121 purports to describe and characterize the Form, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

122.   Paragraph 122 purports to describe and characterize the Form, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

123.   Paragraph 123 purports to describe and characterize the Form and the SSA, which speak for themselves and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

124.   Paragraph 124 purports to describe and characterize the Form and the SSA, which speak for themselves and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

125.   Paragraph 125 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

126.   Paragraph 126 purports to describe and characterize the Form, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

127.   Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 127, and, therefore, denies them.

128.   Paragraph 128 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

129.   Montana denies the allegations in Paragraph 129.

130.   Paragraph 130 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

## CLAIM FOR RELIEF

### Violations of the ESA and the APA in Determining that Listing the Gray Wolf in the Western U.S. is "Not Warranted" as an Endangered or Threatened "Distinct Population Segment"

131.   Montana incorporates all proceeding paragraphs in response to Paragraph 131.

132.   Montana denies the allegations in Paragraph 132.

*The Service's Analysis of the Status of Wolves in the Northern Rocky Mountains Ignores the Best Available Science and Relies on Faulty Assumptions*

133.   Montana denies the allegations in Paragraph 133.

134.   Montana denies the allegations in Paragraph 134.

135.   Montana denies the allegations in Paragraph 135.

136.   Montana denies the allegations in Paragraph 136.

137.   Montana denies the allegations in Paragraph 137.

138.   Montana denies the allegations in Paragraph 138.

139.   Montana denies the allegations in Paragraph 139.

140.   Montana denies the allegations in Paragraph 140.

141.   Montana denies the allegations in Paragraph 141.

142.   Montana denies the allegations in Paragraph 142.

**The Service's Analysis for Wolves in "Significant Portions" Outside the Northern Rocky Mountains is Arbitrary and Capricious.**

143.   Montana denies the allegations in Paragraph 143.

144.   Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 144, and, therefore, denies them.

145.   The first sentence of Paragraph 145 purports to describe and characterize the Form, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana denies the second sentence of Paragraph 145.

146.   Montana denies the allegations in Paragraph 146.

147.   Montana denies the allegations in Paragraph 147.

148.   Montana denies the allegations in Paragraph 148.

149.   Montana denies the allegations in Paragraph 149.

150.   Montana denies the allegations in Paragraph 150.

151.   Montana denies the allegations in Paragraph 151.

**The Service's Determination that Wolves in "All" of the Western DPS Are Not Threatened or Endangered is Arbitrary and Capricious**

152.   Montana denies the allegations in Paragraph 152.

153.   The first sentence of Paragraph 153 purports to describe and characterize the SSA, which speaks for itself and is the best evidence of its

contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana denies the remaining allegations in Paragraph 153.

154.   The first sentence of Paragraph 154 purports to describe and characterize the Form, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context. Montana denies the remaining allegations in Paragraph 154.

155.   Montana denies the allegations in Paragraph 155.

156.   Montana denies the allegations in Paragraph 156.

157.   Montana denies the allegations in Paragraph 157.

158.   Paragraph 158 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

## GENERAL DENIAL

Montana denies any allegations of the Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant-Intervenor Montana asserts the following defenses:

1.   Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2.   This Court lacks subject matter jurisdiction over some or all of the claims asserted.

3.      Plaintiff's have failed to join a necessary party under Fed. R. Civ. P. 19.

4.      No act or omission of any Defendant caused a violation of the Plaintiffs' federal rights, privileges, or immunities.

The above-listed defenses are asserted in good faith without the benefit of discovery and for the purposes of avoiding waiver. If Defendant-Intervenor later becomes aware that the evidence does not support any of the above-listed defenses, Defendant-Intervenor will withdraw these defenses.

## PRAYER FOR RELIEF

Defendant-Intervenor Montana respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety and order such further relief as it deems appropriate.

DATED this 24th day of September, 2024.

*/s/ Alexander R. Scolavino III*
**Alexander R. Scolavino III**
Agency Legal Counsel

**Jeffrey M. Hindoien**
Chief Legal Counsel