**Alexander R. Scolavino III** (Mont. Bar No. 68806621)
Agency Legal Counsel
**Jeffry M. Hindoien** (Mont. Bar No. 4101)
Chief Legal Counsel
Montana Fish, Wildlife and Parks
P.O. Box 200701
Helena, Montana 59620-0701
(406) 594-8050; (406) 594-0539
Alexander.Scolavino@mt.gov; jeff.hindoien@mt.gov
*Attorneys for State of Montana and*
*Montana Fish, Wildlife and Parks*
*Proposed Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | Lead Case CV 24-86-M-DWM |
| Plaintiffs, | Member Case CV-24-87-M-DWM CV-24-97-M-DWM |
| and | |
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | **DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| Consolidated Plaintiffs, | |
| vs. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | |
| Defendants, | |
| SPORTSMEN'S ALLIANCE FOUNDATION, et al., | |
| Intervenor-Defendants, | |

---

STATE OF MONTANA and
MONTANA DEPARTMENT OF FISH,
WILDLIFE AND PARKS,

　　　Defendant Intervenors Applicants.

---

Defendant Intervenors, State of Montana and Montana Fish, Wildlife and Parks (together, "Montana') answer Plaintiffs' complaint and assert its affirmative defenses as follows for the Lead Case of this matter, CV 24-87-M-DWM.

## **INTRODUCTION**

1.　　Paragraph 1 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

2.　　Paragraph 2 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

3.　　Paragraph 3 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

4.　　Montana admits the allegations in Paragraph 4.

5.　　Montana admits the allegations in the first sentence of Paragraph 5. The allegations in remaining sentences of Paragraph 5 purport to describe and

characterize the contents of the SSA, which speaks for itself and is the best evidence of its contents.  Montana denies any allegations inconsistent with the plain language, meaning or context of the SSA.

6.     The allegations in Paragraph 6 purport to describe and characterize the decision in *Defenders of Wildlife v. U.S. Fish & Wildlife Serv.,* 584 F. Supp. 3d 812 (N.D. Cal. 2022), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

7.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 and denies them on that basis. Montana denies the remaining allegations in Paragraph 7.

### JURISDICTION

8.     Paragraph 8 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

9.     Paragraph 9 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

10.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and denies them on that basis.

11.     Paragraph 11 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

12.    Paragraph 12 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

13.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and denies them on that basis.

## PARTIES

14.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 14 concerning the interests, membership, and activities of Plaintiff Western Watersheds Project, and denies them on that basis. The fifth sentence of Paragraph 14 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

15.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 15 concerning the interests, membership, and activities of Plaintiff International Wildlife Coexistence Network, and denies them on that basis. The fourth sentence of Paragraph 15 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

16.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 16 concerning the interests, membership, and activities of Plaintiff Wildearth

Guardians, and denies them on that basis. The fifth sentence of Paragraph 16 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

17.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 17 concerning the interests, membership, and activities of Plaintiff Nimiipuu Projecting the Environment ("Nimiipuu"), and denies them on that basis. The fifth sentence of Paragraph 17 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

18.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 18 concerning the interests, membership, and activities of Plaintiff Alliance for the Wild Rockies, and denies them on that basis. The fifth sentence of Paragraph 18 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

19.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 19 concerning the interests, membership, and activities of Plaintiff Friends of the Clear Water, and denies them on that basis. The fifth sentence of Paragraph 19

identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

20.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 20 concerning the interests, membership, and activities of Plaintiff Wilderness Watch, and denies them on that basis. The fifth sentence of Paragraph 20 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

21.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 21 concerning the interests, membership, and activities of Plaintiff Predator Defense, and denies them on that basis. The fifth sentence of Paragraph 21 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

22.    Montana lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 22 concerning the interests, membership, and activities of Plaintiff Trap Free Montana ("Trap Free"), and denies them on that basis. The fourth sentence of Paragraph 22 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

23.     Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first, second, third, fourth and fifth sentences of Paragraph 23 concerning the interests, membership, and activities of Plaintiff Protect the Wolves, and denies them on that basis. The sixth sentence of Paragraph 23 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

24.     The first part of Paragraph 24 identifies Plaintiff's action, and no response is required. If a response is required, those allegations are denied. Montana lacks knowledge and information to form a belief as to the truth of the allegations in the second part of Paragraph 24 concerning the interests, membership, and activities of Plaintiff's, and denies them on that basis.

25.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and denies them on that basis.

26.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis.

27.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28.     Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and denies them on that basis.

29.     Montana denies the allegations in Paragraph 29.

30.   Montana denies the allegations in Paragraph 30.

31.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.

32.   Montana admits the allegation in the first sentence of Paragraph 32. The allegation in the second sentence of Paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Montana denies the allegations.

33.   Montana admits the allegations in Paragraph 33.

34.   Montana admits the allegations in the first sentence of Paragraph 34. The allegations in the second sentence of Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Montana denies the allegations.

35.   Montana admits the allegations in Paragraph 35.

## BACKGROUND

**The Gray Wolf** *(Canis Lupus)*

36.   Montana admits the allegations in the first sentence of Paragraph 36. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 36 concerning who took the photo provided in this Paragraph and denies them on that basis.

37.   Montana admits the allegations in Paragraph 37.

DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFFS' COMPLAINT–8

38.    Montana admits the allegations in Paragraph 38.

39.    Montana admits the allegations in Paragraph 39.

40.    Montana admits the allegations in Paragraph 40.

41.    Montana admits the allegations in Paragraph 41.

42.    Montana admits the allegations in Paragraph 42.

43.    Montana admits the allegations in Paragraph 43.

44.    The allegations in Paragraph 44 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

**The Gray Wolf's Decline in the Contiguous United States**

45.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 45 and denies them on that basis. Montana admits the allegations in the second sentence of Paragraph 45.

46.    Montana admits the allegations in Paragraph 46.

47.    Montana admits the allegations in Paragraph 47.

48.    Montana admits the allegations in Paragraph 48.

49.    Montana admits the allegations in Paragraph 49.

50.    Montana admits the allegations in Paragraph 50.

51.    Montana admits the allegations in Paragraph 51.

52.    Montana admits the allegations in Paragraph 52.

53.    Montana admits the allegations in Paragraph 53.

54.    Montana admits the allegations in Paragraph 54.

55.    Montana admits the allegations in Paragraph 55.

56.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning who took the photo provided in this Paragraph and denies them on that basis.

57.    Montana admits the allegations in Paragraph 57.

58.    Montana admits the allegations in Paragraph 58.

**The Gray Wolf's Listing History Under the ESA**

59.    Montana admits the allegations in Paragraph 59.

60.    Montana admits the allegations in Paragraph 60.

61.    Montana admits the allegations in Paragraph 61.

62.    Montana admits the allegations in Paragraph 62.

63.    Montana denies the allegations in Paragraph 63.

64.    Montana admits the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 purport to describe and characterize the decisions in *Defenders of Wildlife v. Secretary, U.S. Dep't of the Interior*, 354 F.Supp.2d 1156 (D. Or. 2005) ("*Oregon Wolves*"), and *Nat'l Wildlife Fed'n v. Norton*, 386 F.Supp.2d 553 (D. Vt. 2005) ("*Vermont* Wolves"), which speak for

themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of those decisions.

66.     The allegations in Paragraph 66 purport to describe and characterize the decision in *Oregon Wolves*, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision.

67.     The allegations in Paragraph 67 purport to describe and characterize the decision in *Vermont Wolves*, which speaks for itself and is the best evidence of its contents. Montana denies allegations inconsistent with the plain language, meaning, or context of the decision.

68.     Montana admits the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 purport to describe and characterize the decision in *Human Soc'y of the United States v. Kempthorne*, 579 F. 2d 7 (D.D.C. 2008), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision.

70.     Montana admits the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 purport to describe and characterize the decision in *Defenders of Wildlife v. Hall*, 565 F. Supp. 2d 1160 (D. Mont.

2008), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision.

72.     Montana admits the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 purport to describe and characterize the decisions in *Humane Soc'y of the United States v. Salazar,* 1:09-CV-1092-PLF (D.D.C. 2009) and *Defenders of Wildlife v. Salazar,* 729 F.Supp.2d 1207 (D. Mont. 2010), which speak for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decisions.

74.     Montana admits the allegations in Paragraph 74.

75.     Montana admits the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 purport to describe and characterize the decisions in *Humane Soc'y of the United States v. Jewell,* 76 F.Supp. 69, 110 (D.D.C. 2014) and *Humane Soc'y of the United States v. Zinke,* 865 F.3d 858 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning or context of the decisions.

77.     The allegations in Paragraph 77 purport to describe and characterize the decision in *Humane Soc'y of the United States v. Zinke,* 865 F.3d 585, which

speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision.

78.     Montana admits the allegations in Paragraph 78.

79.     The allegations in the first and second sentences of Paragraph 79 purport to describe and characterize the decisions in *Defenders of Wildlife v. Jewell,* 68 F. Supp. 3d 193 (D.D.C. 2014), and *Defenders of Wildlife v. Zinke,* 849 F.3d 1077 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision. Montana admits the allegations in the third sentence of Paragraph 79.

80.     Montana admits the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 purport to describe and characterize the decision in *Defenders of Wildlife v. U.S. Fish & Wildlife Serv.,* 584 F. Supp. 3d 812 (N.D. Cal. 2022), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the decision.

82.     Montana admits the allegations in Paragraph 82.

83.     Montana admits the allegations in Paragraph 83.

**State Management of Gray Wolves**

84.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 84 and denies them on that basis.

85.    Montana admits the allegations in the first sentence of Paragraph 85. Montana lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and denies them on that basis.

86.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 86 and denies them on that basis.

87.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87 and denies them on that basis.

88.    Montana admits the allegations in Paragraph 88.

89.    Montana admits the allegations in Paragraph 89.

90.    Montana admits the first two sentences in Paragraph 90.  Montana lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and denies them on that basis.

91.    Montana admits the first two sentences of Paragraph 91.  Montana lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and denies them on that basis.

92.    Montana admits the first two sentences of Paragraph 92. Montana lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and denies them on that basis.

93.    Montana denies the allegations in Paragraph 93.

94.    Montana admits the allegations in Paragraph 94.

95.    Montana admits the allegations in Paragraph 95.

96.    Montana admits the allegations in Paragraph 96.

97.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97 and denies them on that basis.

98.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98 and denies them on that basis.

99.    Montana admits the allegations in the first sentence of Paragraph 99. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 99 and denies them on that basis.

100.   Montana admits the allegations in Paragraph 100.

101.   Montana admits the allegations in Paragraph 101.

102.   Montana admits the allegations in Paragraph 102.

103.   The allegations in Paragraph 103 purport to describe and characterize the 2023 draft plan, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the plan.

104.   The allegations in Paragraph 104 purport to describe and characterize the 2023 draft plan, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the plan.

105.   Montana admits the allegations in the first and second sentence of Paragraph 105. The allegations in the third sentence of Paragraph 105 purport to describe and characterize § 87-6-214, MCA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the statute.

106.   Montana partially admits in the first sentence of Paragraph 106 that in 2012-2013, trapping was added as a legal method of take of wolves, hunting seasons were extended, but denies that statewide harvest limits were removed. Montana admits the allegations in the second sentence of Paragraph 106.

107.   Montana admits the allegations in Paragraph 107.

108.   The allegations in Paragraph 108 purport to describe and characterize §§ 87-1-901, 87-1-304, and 87-6-214, MCA, which speak for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the statutes.

109.   Montana denies the allegations in Paragraph 109.

110.   Montana denies the allegations in Paragraph 110.

111.   Montana denies the allegations in Paragraph 111.

112.   Montana admits the allegations in Paragraph 112.

113.   Montana admits the allegations in Paragraph 113.

114.   Montana admits the allegations in Paragraph 114.

115.   Montana denies the first sentence of Paragraph 115. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 115 and denies them on that basis. The allegations in the fourth sentence of Paragraph 115 purport to describe and characterize Cassidy et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

116.   Montana admits the first sentence of Paragraph 116. Montana denies the remaining allegations in Paragraph 116.

117.   The allegations in Paragraph 117 purport to describe and characterize Crabtree et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

118.   The allegations in Paragraph 118 purport to describe and characterize Creel. (2021), which speaks for itself and is the best evidence of its contents.

Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

119. Montana admits the allegations in Paragraph 119.

120. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 120 and denies them on that basis.

121. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 121 and denies them on that basis.

122. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 122 and denies them on that basis.

123. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 123 and denies them on that basis.

124. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 124 and denies them on that basis.

125. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 125 and denies them on that basis.

126. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126 and denies them on that basis.

127. Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 127 and denies them on that basis.

128.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 128 and denies them on that basis.

129.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129 and denies them on that basis.

130.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 130 and denies them on that basis.

131.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 131 and denies them on that basis.

132.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132 and denies them on that basis.

133.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 133 and denies them on that basis. The allegations in the third sentence of Paragraph 133 purport to describe and characterize an article reported by Idaho Department of Fish and Game, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

134.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 134 and denies them on that basis.

135.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 135 and denies them on that basis.

136.   The allegations in Paragraph 136 purport to describe and characterize Creel. (2021), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

137.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 137 and denies them on that basis.

138.   Montana admits the allegations in Paragraph 138.

139.   Montana admits the allegations in Paragraph 139.

140.   Montana admits the allegations in Paragraph 140.

141.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 141 and denies them on that basis.

142.   Montana admits the allegations in Paragraph 142.

143.   The allegations in Paragraph 143 purport to describe and characterize Crabtree et al. (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

144.   The allegations in Paragraph 144 purport to describe and characterize a press release from the Service dated February 2, 2024, which speaks for itself

and is the best evidence of its contents. Montana denies any allegations

inconsistent with the plain language, meaning, or context of the press release.

**Petitions to Relist Gray Wolves in the NRM, or Alternatively, List the Gray Wolf in a Western U.S. DPS**

145.   Montana denies that portion of Paragraph 145 alleging the existence

of "alarming new pressures on wolves from state management in Montana, Idaho

and Wyoming" but admits the remaining allegations in Paragraph 145.

146.   The allegations in Paragraph 146 purport to describe and characterize

the Plaintiffs' petition, which speaks for itself and is the best evidence of its

contents.  Montana denies any allegations inconsistent with the plain meaning,

language, and context of the petition.

147.   Montana admits the allegations in Paragraph 147.

148.   Montana admits the allegations in Paragraph 148.

149.   Montana admits the allegations in Paragraph 149.

150.   Montana admits the allegations in Paragraph 150.

151.   Montana admits the allegations in Paragraph 151.

**The Service's Not-Warranted Finding**

152.   Montana admits the allegations in Paragraph 152.

153.   Montana admits the allegations in Paragraph 153.

154.   Montana admits the allegations in Paragraph 154.

155.   Montana admits the allegations in Paragraph 155.

156.   Montana admits the allegations in Paragraph 156.

157.   The allegations in Paragraph 157 purport to describe and characterize the Service's Finding, which speaks for itself and is the best evidence of its contents.  Montana denies any allegations inconsistent with the plain meaning, language, and context of the Finding.

158.   The allegations in Paragraph 158 purport to describe and characterize the Service's Finding, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plaint meaning, language, and context of the Finding.

159.   Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 159 and denies them on that basis.

160.   Montana admits the allegations in Paragraph 160.

161.   Montana admits the allegations in Paragraph 161.

162.   Montana admits the allegations in Paragraph 162.

163.   Montana admits the allegations in Paragraph 163.

164.   Montana admits the allegations in Paragraph 164.

165.   Montana admits the allegations in Paragraph 165.

166.   Montana admits the allegations in Paragraph 166.

167.   Montana admits the allegations in Paragraph 167.

168.   The allegations in Paragraph 168 purport to describe and characterize the SSA and Cassidy et al (2023), which speak for themselves and are the best evidence of their contents.  Montana denies any allegations inconsistent with the plaint meaning, language, and context of those documents.

169.   Montana admits the allegations in Paragraph 169.

170.   Montana admits the allegations in Paragraph 170.

171.   Montana admits the allegations in Paragraph 171.

172.   Montana admits the allegations in Paragraph 172.

173.   Montana admits the allegations in Paragraph 173.

174.   Montana admits the allegations in Paragraph 174.

175.   Montana admits the allegations in Paragraph 175.

176.   Montana admits the allegations in Paragraph 176.

177.   Montana admits the allegations in Paragraph 177.

178.   Montana admits the allegations in Paragraph 178.

179.   Montana admits the allegations in the first two sentences of Paragraph 179. The allegations in the third sentence of Paragraph 179 purport to describe and characterize vonHoldt (2023), which speaks for itself and is the best evidence of its contents.  Montana denies any allegations inconsistent with the plain language, meaning, or context of the article.

180.   The allegations in Paragraph 180 purport to describe and characterize vonHoldt (2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context of the article.

181.   Montana admits the allegations in Paragraph 181.

182.   Montana admits the allegations in Paragraph 182.

183.   Montana denies  the allegations in Paragraph 183.

184.   Montana admits the allegations in Paragraph 184.

185.   Montana admits the allegations in Paragraph 185.

186.   Montana admits the allegations in Paragraph 186.

187.   Montana admits the allegations in Paragraph 187.

188.   Montana admits the allegations in Paragraph 188.

189.   Montana admits the allegations in Paragraph 189.

190.   Montana admits the allegations in Paragraph 190.

191.   Montana admits the allegations in Paragraph 191.

**FIRST CLAIM FOR RELIEF**
**(Violation of the ESA – Five Threat Factors)**

192.   Montana incorporates all preceding paragraphs in response to Paragraph 192.

193.    The allegations in Paragraph 193 purport to describe and characterize 16 U.S.C. § 1533(a)(1), which speaks for itself and is the best evidence of its

contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the statute.

194.    Montana denies the allegations in Paragraph 194.

195.    Montana denies the allegations in Paragraph 195.

## SECOND CLAIM FOR RELIEF
### (Violation of the ESA – Best Available Science)

196.    Montana incorporates all preceding paragraphs in response to Paragraph 196.

197.    The allegations in Paragraph 197 purport to describe and characterize Section 4(b)(1)(A), 16 U.S.C. § 1533 (b)(1)(A), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

198.    Montana denies the allegations in Paragraph 198.

199.    Montana denies the allegations in Paragraph 199.

## THIRD CLAIM FOR RELIEF
### (Violation of the ESA – Significant Portion of Its Range)

200.    Montana incorporates all preceding paragraphs in response to Paragraph 200.

201.    The allegations in Paragraph 201 purport to describe and characterize 16 U.S.C. §§ 1533(a)(1), 1532(20), which speaks for itself and is the best evidence

of its contents. Montana denies any allegations inconsistent with the plain language, meaning or context.

202.   Montana denies the allegations in Paragraph 202.

203.   Montana denies the allegations in Paragraph 203.

204.   Montana denies the allegations in Paragraph 204.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Montana denies the Plaintiffs' are entitled to the relief they request or to any relief whatsoever.

## GENERAL DENIAL

Montana denies any allegations of the Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant-Intervenor Montana asserts the following defenses:

1.   Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2.   This Court lacks subject matter jurisdiction over some or all of the claims asserted.

3.      Plaintiff's have failed to join a necessary party under Fed. R. Civ. P. 19.

4.      No act or omission of any Defendant caused a violation of the Plaintiffs' federal rights, privileges, or immunities.

The above-listed defenses are asserted in good faith without the benefit of discovery and for the purposes of avoiding waiver. If Defendant-Intervenor later becomes aware that the evidence does not support any of the above-listed defenses, Defendant-Intervenor will withdraw these defenses.

### PRAYER FOR RELIEF

Defendant-Intervenor Montana respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety and order such further relief as it deems appropriate.

DATED this 24th day of September, 2024.

*/s/ Alexander R. Scolavino III*
**Alexander R. Scolavino III**
Agency Legal Counsel

**Jeffrey M. Hindoien**
Chief Legal Counsel