**Alexander R. Scolavino III** (Mont. Bar No. 68806621)
Agency Legal Counsel
**Jeffry M. Hindoien** (Mont. Bar No. 4101)
Chief Legal Counsel
Montana Fish, Wildlife and Parks
P.O. Box 200701
Helena, Montana 59620-0701
(406) 594-8050; (406) 594-0539
Alexander.Scolavino@mt.gov; jeff.hindoien@mt.gov
*Attorneys for Defendant-Intervenors State of Montana*
*and Montana Department of Fish, Wildlife and Parks*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br> Plaintiffs, | Lead Case <br> CV 24-86-M-DWM |
| WESTERN WATERSHEDS PROJECT, et al., <br> Consolidated Plaintiffs, | Member Case <br> CV-24-87-M-DWM <br> CV-24-97-M-DWM |
| ANIMAL WELLNESS ACTION, et al,, <br> Consolidated Plaintiffs, <br> v. | **DEFENDANT-INTERVENORS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., <br> Defendants, | |
| and | |
| SPORTSMEN'S ALLIANCE FOUNDATION, et al., <br> Defendant-Intervenors, | |

STATE OF MONTANA and
MONTANA DEPARTMENT OF FISH,
WILDLIFE AND PARKS,

     Defendant Intervenors Applicants.

Defendant Intervenors, State of Montana and Montana Fish, Wildlife and Parks (together, "Montana') answer Plaintiffs' complaint and assert its affirmative defenses as follows for the Member Case of this matter, CV 24-97-M-DWM.

## **INTRODUCTION**

1.     Paragraph 1 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

2.     Montana admits the allegations in Paragraph 2.

3.     Montana admits the allegations in Paragraph 3.

4.     Montana denies the allegations in Paragraph 4.

5.     Paragraph 5 consists of Plaintiffs' description of the nature of their suit and legal conclusions that require no response. If a response is required, those allegations are denied.

## **JURISDICTION AND VENUE**

6.     Paragraph 6 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

7.     Paragraph 7 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

8.     Paragraph 8 is a conclusion of law that requires no response. If a response is required, those allegations are denied.

9.     Paragraph 9 is a conclusion of law that requires no response. If a response, is required, those allegations are denied.

10.    Paragraph 10 is a conclusion of law that requires no response. If a response, is required, those allegations are denied.

11.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and denies them on that basis.

12.    Montana lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and denies them on that basis.

## PARTIES

### Plaintiffs

13.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning the interests and

activities of Plaintiff ANIMAL WELLNESS ACTION ("AWA"), and denies them on that basis.

14.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning the interests and activities of Plaintiff THE CENTER FOR A HUMANE EONOMY ("the Center"), and denies them on that basis.

15.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 15 concerning the membership and supporters of AWA and the Center, and denies them on that basis. The third sentence of Paragraph 15 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

16.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in first, second, third, and fourth sentences of Paragraph 16 concerning the interests, activities, and memberships of Plaintiff PROJECT COYOTE, and denies them on that basis. The fifth sentence of Paragraph 16 identifies Plaintiffs' action, and no response is required. If a response is required, those allegations are denied.

17.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 17

concerning the interests and activities of Plaintiff THE KETTLE RANGE

CONSERVATION GROUP ("Kettle Range"),  and denies them on that basis. The

third sentence of Paragraph 17 identifies Plaintiffs' action, and no response is

required. If a response is required, those allegations are denied.

18.    Montana lacks knowledge and information sufficient to form a belief

as to the truth of the allegations in the first, second, and third sentences of

Paragraph 18 concerning the interests, activities, and membership of Plaintiff

FOOTLOOSE MONTANA, and denies them on that basis. The fourth sentence of

Paragraph 18 identifies Plaintiffs' action, and no response is required. If a response

is required, those allegations are denied.

19.    Montana lacks knowledge and information sufficient to form a belief

as to the truth of the allegations in the first, second, third, fourth, fifth, and sixth

sentences of Paragraph 19 concerning the interests, activities, and membership of

Plaintiff THE GALLATIN WIDLIFE ASSOCIATION ('GWA"), and denies them

on that basis. The seventh sentence of Paragraph 19 identifies Plaintiffs' action,

and no response is required. If a response is required, those allegations are denied.

20.    The allegations in Paragraph 20 purport to describe and characterize

the 2021 Petition, which speaks for itself and is the best evidence of its contents.

Montana denies any allegations inconsistent with the plain language, meaning, or context of the petition.

## Plaintiffs' Interests

21.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 concerning the interests, activities, and membership of Plaintiff's, and denies them on that basis.

22.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, fourth, fifth, sixth, seventh, eighth, ninth, and tenth sentences of Paragraph 22, and denies them on that basis. The allegations in the third sentence of Paragraph 22 purport to describe and characterize the 60-day notice of intent to sue filed by AWA and the Center, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the 60-day notice of intent to sue. The allegations in the eleventh and twelfth sentences of Paragraph 22 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

23.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, seventh,

eighth, and ninth sentences of Paragraph 23, and denies them on that basis. The allegations in the sixth sentence of Paragraph 23 purport to describe and characterize a lawsuit filed against the State of Montana in 2022, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of the complaint filed in that case. The allegations in the tenth and eleventh sentences of Paragraph 23 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

24.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 24, and denies them on that basis. The allegations in the sixth and seventh sentences of Paragraph 24 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

25.    Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, seventh, ninth, eleventh, and twelfth sentences of Paragraph 25, and denies them on that basis. Montana admits the allegations in sentence eight of Paragraph 25. The allegations in the tenth sentence of Paragraph 25 purport to describe and characterize Montana House Bill 372, which speaks for itself and is the best

evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context of House Bill 372. The allegations in the thirteenth and fourteenth sentences of Paragraph 25 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

26.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first through fifth sentences of Paragraph 26, concerning the interests and activities of Plaintiff Gallatin Wildlife Association ("GWA"), and denies them on that basis. The allegations in the sixth and seventh sentences of Paragraph 26 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

27.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 concerning the interests, activities, and membership of Plaintiff's, and denies them on that basis.

28.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning the interests, activities, and membership of Plaintiff's, and denies them on that basis.

29.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the interests of Plaintiff's, and denies them on that basis.

30.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 concerning Mr. Nagel's organizational involvement, place of recreation, events witnessed, and his concerns, and denies them on that basis.

31.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 concerning Ms. Heister's organizational involvement, place of recreation, events witnessed, and her concerns, and denies them on that basis.

32.     Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 32 concerning Norman Bishop, and denies them on that basis.

33.     Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 33 concerning Ms. Bennitt's activities, organizational involvement, place of recreation, and knowledge of wolves in states nearby Montana, and denies them on that basis.

34.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 34 concerning Ms. Miller-Richardson's organizational involvement, previous employment, place of recreation, and events witnessed, and denies them on that basis.

35.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 35 concerning Ms. Miller's organizational involvement, place of recreation, previous employment, and events witnessed/known of, and denies them on that basis.

36.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 36, and denies them on that basis.

### Defendants

37.   Montana admits the allegations in Paragraph 37.

38.   The allegation in the first sentence of Paragraph 38 consists of Plaintiffs' description of the nature of their suit and requires no response. If a response is required, that allegations is denied. The allegations in the second sentence of Paragraph 38 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

39.   Montana admits the allegations in Paragraph 39.

40.     The allegation in the first sentence of Paragraph 40 consists of

Plaintiffs' description of the nature of their suit and requires no response. If a

response is required, that allegation is denied. The allegations in the second

sentence of Paragraph 40 are too subjective, vague, exaggerated, unqualified,

and/or ambiguous to permit a specific response. On that basis, Montana denies the

allegations.

## STATUTORY AND REGULATORY BACKGROUND

41.     The allegations in the first sentence of Paragraph 41 purport to

describe and characterize *Tenn. Valley Auth. v. Hill,* 437 U.S. 153, 184 (1978),

which speaks for itself and is the best evidence of its contents. Montana denies any

allegations inconsistent with the cases plain language, meaning, or context. The

allegations in the second sentence of Paragraph 41 purport to describe and

characterize 16 U.S.C. § 1531(b), which speaks for itself and is the best evidence

of its contents. Montana denies any allegations inconsistent with the code's plain

language, meaning, or context.

42.     The allegations in the first sentence of Paragraph 42 purport to

describe and characterize *Rancho Viejo, LLC v. Norton,* 323 F.3d 1062, 1064 (D.C.

Cir. 2003), which speaks for itself and is the best evidence of its contents. Montana

denies any allegations inconsistent with the cases plain language, meaning, or

context. The allegations in the remaining allegations of Paragraph 42 purport to describe and characterize sections of the ESA, which speaks for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with their plain language, meaning, or context.

43.    The allegations in Paragraph 43 purport to describe and characterize 16 U.S.C. § 1533(d), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

44.    The allegations in the first sentence of Paragraph 44 purport to describe and characterize 16 U.S.C. § 1532(16), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The allegations in the second sentence of Paragraph 44 purport to describe and characterize definitions within 61 Fed. Reg. 4722, 4725 (Feb. 7, 1996), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

45.    The allegations in the first sentence of Paragraph 45 purport to describe and characterize 16 U.S.C. § 1532(6), (20), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with

the plain language, meaning, or context. The allegations in the second sentence of

Paragraph 45 purport to describe and characterize 79 Fed. Reg. 37578, 37579 (July

1, 2014) ("SPR policy"), which speaks for itself is the best evidence of its contents.

Montana denies any allegations inconsistent with its plain language, meaning, or

context. The allegations in the third sentence of Paragraph 45 purport to describe

and characterize 79 Fed. Reg. 37578, 37583, which speaks for itself and is the best

evidence of its contents. Montana denies any allegations inconsistent with its plain

language, meaning, or context.

46.    The allegations in Paragraph 46 purport to describe and characterize

*Loper Bright Enterprises v. Raimondo,* No. 22-451 (2024) and *Relentless, Inc. v.*

*Department of Commerce* No. 22-1219 (2024), which speaks for themselves and is

the best evidence of its contents. Montana denies any allegations inconsistent with

its plain language, meaning, or context.

47.    The allegations in Paragraph 47 purport to describe and characterize

*Ctr. For Biological Diversity v. Zinke,* 900 F.3d 1053, 1067 (9th Cir. 2018), which

speaks for itself and is the best evidence of its contents. Montana denies any

allegations inconsistent with its plain language, meaning, or context.

48. The allegations in Paragraph 48 purport to describe and characterize

*Humane Soc'y,* 865 F.3d at 605, which speaks for itself and is the best evidence of

its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

49.     Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 49, and denies them on that basis.

50.     The allegations in Paragraph 50 purport to describe and characterize 16 U.S.C. § 1533(b)(1)(A), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

51.     The allegations in Paragraph 51 purport to describe and characterize 50 C.F.R. § 424.11(c) and 16 U.S.C. § 1533(a)(1), which speak for themselves and are the best evidence of its contents. Montana denies any allegations inconsistent with their plain language, meaning, or context.

52.     The allegations in the first sentence of Paragraph 52 purport to describe and characterize § 706 of the APA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The allegations in the second sentence of Paragraph 52 purport to describe and characterize 5 U.S.C. § 706(2)(A), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The allegations in the

third sentence of Paragraph 52 purport to describe and characterize *Bureau of Alcohol, Tobacco and Firearms v. Fair Lab. Rel. Auth.,* 464 U.S. 89, 97 (1983) (citations omitted), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

## FACTUAL BACKGROUND

### The Gray Wolf and the ESA

53.     Montana admits the allegations in the first sentence of Paragraph 53. Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 53, and denies them on that basis.

54.     Montana admits the allegations in Paragraph 54.

55.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and denies them on that basis.

56.     Montana admits the first, third, fourth and fifth sentences of Paragraph 56. The allegations in the second sentence of Paragraph 56 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

57.     Montana admits the allegations in Paragraph 57.

58.     Montana admits the allegations in Paragraph 58.

59.     The allegations in the first and second sentences of Paragraph 59 purport to describe and characterize 43 Fed. Reg. 9,607, 9,608, 9,612 (Mar. 9, 1978), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The third sentence of Paragraph 59 purports to describe and characterize 65 Fed. Reg. 43450, 43457 (July 13, 2000), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

60.     The allegations in Paragraph 60 purport to describe and characterize 65 Fed. Reg. 43450, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

61.     The allegations in the first sentence of Paragraph 61 purport to describe and characterize 68 Fed. Reg. 15804, 15804 (Apr. 1, 2023), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The allegations in the second sentence of Paragraph 61 purport to describe and characterize *Defs. Of Wildlife v. U.S. Dep't of the Interior,* 354 F. Supp. 2d 1156, 1170-72 (D. Or. 2005)

and *Nat'l Fed'n v. Norton,* 386 F. Supp. 2d 553, 564-65 (D. Vt. 2005), which speak for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with their plain language, meaning, or context.

62.    The allegations in the first sentence of Paragraph 62 purport to describe and characterize 74 Fed. Reg. 15123 (Apr. 2, 2009), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. The allegations in the second sentence of Paragraph 62 purport to describe and characterize the *Defs. Of Wildlife v. Salazar,* 729 F. Supp 2d 1207, 1288 (D. Mont. 2010) and Department of Defense and Full-Year Appropriations Act, 2011, Pub. L. No. 112-10, § 1713, 125 Stat. 150 (2011), which speaks for themselves and are the best evidence of their contents. Montana denies any allegations inconsistent with their plain language, meaning, or context. The allegations in the third sentence of Paragraph 62 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

63.    The allegations in Paragraph 63 purport to describe and characterize 82 Fed. Reg. 20,284 (May 1, 2017), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

64.    Montana admits the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

66.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 66, and denies them on that basis.

67.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 67, and denies them on that basis.

68.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 68, and denies them on that basis.

69.    Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 69, and denies them on that basis.

**The 2021 Petition**

70.    Montana admits the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 purport to describe and characterize the 90-day finding and the 2024 Finding, prepared by the U.S. Fish and Wildlife Service ("FWS"), which speaks for themselves and are the best evidence of their

contents. Montana denies any allegations inconsistent with their plain language, meaning, or context.

72.     The allegations in the Paragraph 72 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

**Gray Wolf Populations and Management in the Western States**

**_Montana_**

73.     Montana denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 purport to describe and characterize § 87-1-901, MCA, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

75.     Montana denies the allegations in Paragraph 75.

76.     Montana denies the allegations in Paragraph 76.

77.     Montana admits the allegations in Paragraph 77.

78.     Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 78, and denies them on that basis.

79.     Montana denies the allegations in Paragraph 79.

80.    Montana denies the allegations in Paragraph 80.

81.    Montana admits the allegations in Paragraph 81.

82.    Montana denies the allegations in Paragraph 82.

83.    Montana admits the allegations in Paragraph 83; however, the management plan has yet to be finalized and speaks for itself and is the best evidence of its contents.

84.    The allegations in the first, second, and third sentences of Paragraph 84 purport to describe and characterize vonHoldt et al. (2010), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context. Montana denies the allegations in the fourth sentence of Paragraph 84.

85.    The allegations in Paragraph 85 purport to describe and characterize Bassing et al. (2020), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

86.    Montana admits the allegations in Paragraph 86; however, the management plan has yet to be finalized and speaks for itself and is the best evidence of its contents.

87.     Montana denies the allegations in Paragraph 87.

88.     Montana admits the allegations in Paragraph 88.

### *Idaho*

89.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and denies them on that basis.

90.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and denies them on that basis.

91.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and denies them on that basis.

92.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and denies them on that basis.

93.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and denies them on that basis.

94.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and denies them on that basis.

95.     Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and denies them on that basis.

96.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and denies them on that basis.

97.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and denies them on that basis.

98.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and denies them on that basis.

99.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and denies them on that basis.

100.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and denies them on that basis.

101.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and denies them on that basis.

102.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and denies them on that basis.

103.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and denies them on that basis.

***Wyoming***

104.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and denies them on that basis.

105.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and denies them on that basis.

106.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and denies them on that basis.

107.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and denies them on that basis.

108.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and denies them on that basis.

109.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and denies them on that basis.

### *Oregon*

110.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and denies them on that basis.

111.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and denies them on that basis.

112.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and denies them on that basis.

113.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and denies them on that basis.

114.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and denies them on that basis.

115.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and denies them on that basis.

116.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and denies them on that basis.

117.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and denies them on that basis.

118.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and denies them on that basis.

119.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and denies them on that basis.

120.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and denies them on that basis.

121.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and denies them on that basis.

122. ***Washington***

123.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and denies them on that basis.

124.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and denies them on that basis.

125.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and denies them on that basis.

126.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and denies them on that basis.

127.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and denies them on that basis.

128.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and denies them on that basis.

129.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and denies them on that basis.

130.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and denies them on that basis.

### *Utah*

131.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and denies them on that basis.

132.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and denies them on that basis.

### *Nevada*

133.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and denies them on that basis.

134.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and denies them on that basis.

135.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and denies them on that basis.

### *California*

136.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and denies them on that basis.

137.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and denies them on that basis.

### *Colorado*

138.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and denies them on that basis.

139.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and denies them on that basis.

### *New Mexico and Arizona*

141.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and denies them on that basis.

142.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and denies them on that basis.

143.   Montana admits the allegations in Paragraph 143.

144.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and denies them on that basis.

145.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and denies them on that basis.

**The Service's "Not Warranted" Finding**

## *The ESA Five-Factor Threat Analysis*

146.   The allegations in Paragraph 146 purport to describe and characterize 50 C.F.R. § 424.11(C) and 16 U.S.C. § 1533(a)(1), which speak for themselves and is the best evidence of their contents. Montana denies any allegations inconsistent with their plain language, meaning, or context.

147.   The allegations in Paragraph 147 purport to describe and characterize 74 Fed. Reg. 15,123, 15,148 (Apr. 2, 2009), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with its plain language, meaning, or context.

148.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and denies them on that basis.

149.   The allegations in the Paragraph 149 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

150.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 150, and denies them on that basis. Montana denies the allegations in the second and third sentences of Paragraph 150.

151.   The allegations in the Paragraph 151 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

152.   Montana denies the allegations in Paragraph 152.

153.   Montana lacks knowledge and information to sufficient form a belief as to the truth of the allegations in Paragraph 153, and denies them on that basis.

154.   Montana denies the allegations in Paragraph 154.

155.   Montana denies the allegations in Paragraph 155.

156.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and denies them on that basis.

### *Best Available Science*

157.   Montana admits the first sentence of Paragraph 157. The allegations in the second sentence of Paragraph 157 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

158.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 158, and denies them on that basis.

159.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and denies them on that basis. Montana does not use a STE population model.

160.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and denies them on that basis.

161.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and denies them on that basis.

162.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and denies them on that basis.

163.   Montana admits the allegations in the first sentence of Paragraph 163, however would like to note that Montana switched from its Patch Occupancy Model to iPOM in 2020, not 2021. Montana denies the allegations in the second sentence of Paragraph 163.

164.   Montana denies the allegations in Paragraph 164.

165.   Montana denies the allegations in Paragraph 165.

166.   Montana denies the allegations in Paragraph 166.

167.   Montana denies the allegations in Paragraph 167.

168.   Montana admits that Crabtree (2023), is a more recent study, but denies the remaining allegations in Paragraph 168.

169.   Montana denies the allegations in Paragraph 169.

170.   Montana denies the allegations in Paragraph 170.

171.   Montana denies the allegations in Paragraph 171.

172.   Montana denies the allegations in Paragraph 172.

173.    Montana denies the allegations in the first, second, third, fifth and sixth sentences of Paragraph 173. Montana lacks knowledge and information to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 173, and denies them on that basis.

174.   Montana denies the allegations in Paragraph 174.

175.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and denies them on that basis.

176.   Montana lacks knowledge and information sufficient to form a belief regarding when Crabtree's study was available, but admits that Crabtree's study was not published or peer-reviewed.

177. Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and denies them on that basis.

178.   The allegations in Paragraph 178 purport to describe and characterize the SSA prepared by FWS, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

179.   Montana denies the allegations in Paragraph 179.

180.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and denies them on that basis.

181.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and denies them on that basis.

182.   The allegations in the Paragraph 182 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

183.   The allegations in Paragraph 183 purport to describe and characterize the SSA prepared by FWS, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

184.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and denies them on that basis.

185.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and denies them on that basis.

186.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and denies them on that basis.

187.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and denies them on that basis.

188.   The allegations in the Paragraph 188 are too subjective, vague, exaggerated, unqualified, and/or ambiguous to permit a specific response. On that basis, Montana denies the allegations.

189.   Montana admits the allegations in Paragraph 189.

190.   Montana denies the allegations in Paragraph 190.

191.   Montana denies the allegations in Paragraph 191.

192.   Montana denies the allegations in Paragraph 192.

193.   Montana denies the allegations in Paragraph 193.

194.   Montana denies the allegations in Paragraph 194.

195.   Montana denies the allegations in Paragraph 195.

196.   Montana denies the allegations in Paragraph 196.

197.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and denies them on that basis.

198.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 198, and denies them on that basis.

199.   Montana denies the allegations in Paragraph 199.

200.   Montana denies the allegations in Paragraph 200.

201.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and denies them on that basis.

202.   Montana denies the allegations in Paragraph 202.

203.   Montana denies the allegations in Paragraph 203.

204.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and denies them on that basis.

205.   Montana denies the allegations in Paragraph 205.

206.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and denies them on that basis.

207.   Montana denies the allegations in Paragraph 207.

208.   Montana denies the allegations in Paragraph 208.

209.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and denies them on that basis.

210.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and denies them on that basis.

211.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and denies them on that basis.

212.   Montana lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and denies them on that basis.

213.   Montana denies the allegations in Paragraph 213.

### *Significant Portion of Range*

214.   Montana admits the allegations in Paragraph 214.

215.   The allegations in Paragraph 215 purport to describe and characterize the SPR policy, which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

216.   The allegations in Paragraph 216 purport to describe and characterize the services Finding, which speaks for itself and is the best evidence of its

contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

217.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 217, and denies them on that basis.

218.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 218, and denies them on that basis.

219.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 219, and denies them on that basis.

220.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 220, and denies them on that basis.

221.   Montana lacks knowledge and information to form a belief as to the truth of the allegations in Paragraph 221, and denies them on that basis.

## CLAIMS FOR RELIEF

### FIRST CLAIM – Failing to Properly Assess ESA Five Factors

222.   Montana incorporates all proceeding paragraphs in response to Paragraph 222.

223.   The allegations in Paragraph 223 purport to describe and characterize the 50 C.F.R. § 424.11(c) and 16 U.S.C. § 1533(a)(1), which speak for themselves

and are the best evidence of its contents. Montana denies any allegations

inconsistent with the plain language, meaning, or context.

224.   Montana denies the allegations in Paragraph 224, A-G.

225.   Montana denies the allegations in Paragraph 225.

226.   Montana denies the allegations in Paragraph 226.

**SECOND CLAIM – Failing to Use Best Available Science**

227.   Montana incorporates all proceeding paragraphs in response to

Paragraph 227.

228.   The allegations in Paragraph 228 purport to describe and characterize

the 16 U.S.C. § 1533(b)(1)(A), which speaks for itself and is the best evidence of

its contents. Montana denies any allegations inconsistent with the plain language,

meaning, or context.

229.   Montana denies the allegations in Paragraph 229, A-D.

230.   Montana denies the allegations in Paragraph 230.

**THIRD CLAIM – Failing to Properly Evaluate SPR**

231.   Montana incorporates all proceeding paragraphs in response to

Paragraph 231.

232.   The allegations in Paragraph 232 purport to describe and characterize the 16 U.S.C. § 1532(6), (20), which speaks for itself and is the best evidence of its contents. Montana denies any allegations inconsistent with the plain language, meaning, or context.

233.   Montana denies the allegations in Paragraph 233, A-D.

234.   Montana denies the allegations in Paragraph 234.

235.   Montana denies the allegations in Paragraph 235.

## GENERAL DENIAL

Montana denies any allegations of the Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant-Intervenor Montana asserts the following defenses:

1.   Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2.   This Court lacks subject matter jurisdiction over some or all of the claims asserted.

3.   Plaintiff's have failed to join a necessary party under Fed. R. Civ. P. 19.

4.      No act or omission of any Defendant caused a violation of the

Plaintiffs' federal rights, privileges, or immunities.

The above-listed defenses are asserted in good faith without the benefit of

discovery and for the purposes of avoiding waiver. If Defendant-Intervenor later

becomes aware that the evidence does not support any of the above-listed defenses,

Defendant-Intervenor will withdraw these defenses.

## PRAYER FOR RELIEF

Defendant-Intervenor Montana respectfully requests that this Court dismiss

Plaintiffs' Complaint in its entirety and order such further relief as it deems

appropriate.

DATED this 24th day of September, 2024.


*/s/ Alexander R. Scolavino III*
**Alexander R. Scolavino III**
Agency Legal Counsel

**Jeffrey M. Hindoien**
Chief Legal Counsel