Jessica L. Blome
Cal. Bar No. 314898
*Admitted pro hac vice*
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com

Rob Farris-Olsen
MT Bar No. 11937
MORRISON SHERWOOD WILSON
DEOLA, PLLP
401 N. Last Chance Gulch
Helena, MT 59601
(406) 508-1089
rfolsen@mswdlaw.com

Kate Chupka Schultz
Oregon Bar No. 221174
New York Bar No. 5417639
*Admitted pro hac vice*
The Center for a Humane Economy
P.O. Box 30845
Bethesda, MD 20824
(858) 342-0398
kate@centerforahumaneeconomy.org

*Counsel for Plaintiffs Animal
Wellness Action, et al. in Member
Case No. CV-24-97-M-DWM*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br>　　　　　Plaintiffs,<br><br>WESTERN WATERSHEDS PROJECT, et al.,<br>　　　　　Consolidated Plaintiffs,<br><br>ANIMAL WELLNESS ACTION, et al.,<br>　　　　　Consolidated Plaintiffs,<br><br>　　　　　v.<br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br>　　　　　Defendants, | Lead Case<br>CV-24-86-M-DWM<br><br>Member Cases<br>CV-24-87-M-DWM<br>CV-24-97-M-DWM<br><br>**PLAINTIFFS ANIMAL WELLNESS ACTION, ET AL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |

and

SPORTSMEN'S ALLIANCE
FOUNDATION, et al.,

        Defendant-Intervenors.

Consolidated Plaintiffs Animal Wellness Action, Center for a Humane Economy, Project Coyote, a project of Earth Island Institute, the Kettle Range Conservation Group, Footloose Montana, and the Gallatin Wildlife Association hereby move for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Specifically, Consolidated Plaintiffs seek summary judgment on their claim that Defendants U.S. Fish and Wildlife Service, Martha Williams, Director of the U.S. Fish and Wildlife Service (sued in her official capacity), and Deb Haaland, Secretary of the U.S. Department of the Interior (sued in her official capacity) (collectively, "Service") unlawfully determined that gray wolves in the western U.S. ("Western Segment") do not warrant listing as an endangered or threatened species based on the species' status in "all" or "a significant portion of its range." *See* Compl., pl. 68-72 (Dkt. 1 of Member Case, 9:24-cv-00097-DWM); 16 U.S.C. § 1532(6), (20). Because there are no genuine issues of material fact and Plaintiffs are entitled to judgment on their Complaint as a matter of law, this Court should enter summary judgment for Plaintiffs. *See* Fed. R. Civ. P. 56(a).

As set forth in Consolidated Plaintiffs' accompanying Memorandum, demonstrates that wolves in the Western Segment qualify for listing because of the "inadequacy of existing regulatory mechanisms." 16 U.S.C. § 1533(a)(1)(D). Their brief focuses on liberalized wolf killing authorized under state laws in Idaho, Montana, and Wyoming, as well as the absence of protections for wolves on

federal public lands in the Northern Rocky Mountains. Given harsh scientific critiques of Idaho's and Montana's methods for estimating the size of their wolf populations, their brief explains that the Service unreasonably assumed that the states can readily detect wolf population declines and abide by their voluntary commitments to stop wolf killing when wolf population numbers fall below a minimum threshold.

A second brief, filed by Lead Plaintiffs Center for Biological Diversity, et al., argues that the Service illegally disregarded the southern Rockies region, including the wolf's nascent return in Colorado, as "insignificant." Section I of the brief explains that since the demise of *Chevron* deference, the Service may no longer rely on an incorrect interpretation of the Endangered Species Act's key phrase: "significant portion of its range," to disregard regions where the species could recover, like the southern Rockies, because they are now largely unoccupied. Section II provides an independent reason for vacating the Service's decision. It explains that Colorado, where wolves currently range, qualifies as "significant" under the Service's own standard for assessing significance: whether the area "may contribute to the viability of the species." The Service repeatedly relied on Colorado wolves to support its conclusion that the Western Segment is viable, and Colorado contains abundant unique and high-quality habitat that could support more than a thousand wolves.

A third brief, filed by Consolidated Plaintiffs Western Watersheds Project et al., demonstrates that the Service's decision is contradicted by the "best scientific and commercial data available," 16 U.S.C. § 1533(b)(1)(A), which shows that the wolf population in the Western Segment is already too small and insufficiently connected to ensure genetic health, especially given ongoing population declines from human-caused mortality in the Northern Rocky Mountains. They also explain that wolves occupy just a small fraction of the species' historical range, and the Service did not adequately assess the impacts of historical range loss on the viability of wolves in the Western Segment.

Consolidated Plaintiffs incorporate by reference the arguments made in both Lead and Consolidated Plaintiffs' briefs.

These three briefs, and the corresponding summary judgment motions, are supported by the separately filed Statement of Undisputed Facts.

Plaintiffs' standing to bring this case is demonstrated by the accompanying declarations of Timothy Coleman, Scott Edwards, Camilla H. Fox, Clinton Nagel, Norman Bishop, Anja Heister, Samantha Bruegger, Gail Miller-Richardson, and Suzy Bennitt. These declarations show that the Service, by denying federal protections to wolves in the western U.S., has caused injury to Plaintiffs' members' aesthetic, recreational, professional and other interests in wolves there, and a favorable ruling from this Court would redress those injuries. *See Friends of the*

5

*Earth, Inc. v. Laidlaw Env't Servs., Inc*., 528 U.S. 167, 180-88 (2000); *Defs. of Wildlife v. Sec'y, U.S. DOI*, 354 F. Supp. 2d 1156, 1162 (D. Or. 2005).

Because this case involves a matter of significant public interest and importance concerning the recovery of the gray wolves in the western U.S., Consolidated Plaintiffs respectfully request oral argument on this motion.

Dated: January 24, 2025                    Respectfully submitted,

                                           */s/ Rob Farris-Olsen*
                                           MORRISON SHERWOOD WILSON
                                           DEOLA, PLLP

                                           */s/ Jessica L. Blome*
                                           Jessica L. Blome
                                           GREENFIRE LAW, PC

                                           */s/ Kate Chupka Schultz*
                                           Kate Chupka Schultz
                                           The Center for a Humane Economy

                                           *Attorneys for Plaintiffs Animal*
                                           *Wellness Action, et. al*

**Certificate of Service**

I hereby certify that, on January 24, 2025, I served Plaintiffs' Notice of Motion for Summary Judgment, Brief in Support of Summary Judgment, and nine accompanying declarations, on counsel of record through the Court's Pacer/ECF system. I contemporaneously submitted to the Court a thumbdirve containing a digital version of the brief and supporting materials with hyperlinks to the record citations, as required by the Court's Scheduling Order, Dkt. 33. I served these materials on opposing counsel electronically by email, providing access to the materials at the following FTP link:

https://app.box.com/s/g7cnmeru6ltxre4vma41jmr4be7kjm2p .

*/s/ Jessica L. Blome*
Jessica L. Blome